VIVECA SANAI, an individual, CYRUS SANAI, an individual, FREDRIC SANAI, an individual, INGRID BURON, an individual, and DARIA SANAI, an individual,

        Plaintiffs,

    v.

SASSAN SANAI, an individual, MARY LYNN McCOLLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation,

        Defendants.

CASE NO. C08-0252-JCC

ORDER

CYRUS SANAI, an individual, and FREDRIC SANAI, an individual,

        Plaintiffs,

    v.

SASSAN SANAI, an individual, MARY LYNN McCULLOUGH, an individual, INTERNAL MEDICINE & CARDIOLOGY, INC., a Washington corporation, WILLIAM SULLIVAN, an individual, and MARSH MUNDORF PRATT SULLIVAN AND MCKENZIE, a partnership,

        Defendants,

    v.

PHILIP MAXEINER, Special Master,

        Garnishee.

ORDER – 1

This matter comes before the Court on Judgment Debtor Viveca Sanai's Motion to Dismiss Writ of Garnishment (Dkt. No. 11), Judgment Creditor Internal Medicine & Cardiology, Inc. ("IMC")'s Response in opposition (Dkt. No. 17), and Sanai's Reply[1] (Dkt. No. 12), as well as IMC's Motion for Summary Judgment on Writ of Garnishment (Dkt. No. 18), Sanai's Response in opposition (Dkt. No. 21), and IMC's Reply (Dkt. No. 22). The Court has carefully considered these papers and the balance of the record in this case, and has determined that oral argument is not necessary. The Court hereby finds and rules as follows.

## I. BACKGROUND

On November 10, 2005, the Court entered a judgment against Viveca Sanai, Cyrus Sanai, and Fredric Sanai, awarding IMC $61,721.00 in sanctions. (C02-2165-TSZ, Dkt. No. 741.) Having received no satisfaction of this judgment, on January 2, 2008, IMC applied for a writ of garnishment to collect the amount of the judgment, plus interest and the costs of the garnishment process. (Dkt. No. 2.) The Court issued the writ, in the total amount of $67,741.42, to Philip Maxeiner ("Garnishee"), the Special Master appointed by the Snohomish County Superior Court to "hold funds generated from the sale of assets in the dissolution of the marriage of Viveca and Sassan Sanai, and to distribute those funds only pursuant to orders of that court." (*Id.*; Summ. J. Mot. 3 (Dkt. No. 18).) Four other writs, involving other underlying judgments against Sanai, issued from the United States District Court at the same time.[2] Maxeiner

---

[1]Sanai also filed an Objection to the opposition brief filed by IMC, on grounds that the Court unfairly re-noted the motion to dismiss twice, giving IMC more time to file its Response. (Dkt. No. 19.) The Court also notes that Sanai filed her Reply before IMC filed any Response.

[2]The five writs of garnishment issued by the Court are:
C08-0251-JCC, Dkt. No. 2
C08-0252-JCC, Dkt. No. 2
C08-0253-JCC, Dkt. No. 2
C08-0254-JCC, Dkt. No. 2
C08-0255-JCC, Dkt. No. 2.

requested direction from the Snohomish County Superior Court, and was ordered by that court to transfer into the court's registry a sufficient amount to cover the writs of garnishment from the funds he held in trust for Sanai, and to answer all five of the writs. (Order Directing Action of Special Master 1–2 (Dkt. No. 4 at 5–6).) The court also ordered that the funds transferred into the court's registry would not be disbursed except on receipt of a certified copy of a judgment and order, or multiple orders, issued by the United States District Court, directed at Maxeiner. (*Id.* at 2.) On January 22, 2008, Maxeiner answered the writs, indicating that he had deposited into the Snohomish County Superior Court's registry sufficient funds belonging to Viveca Sanai to satisfy the judgments against her. (Dkt. No. 4 at 3.) On February 6, 2008, IMC presented a proposed judgment and order requesting that the United States District Court order the Snohomish County Clerk to disburse $67,741.42 to IMC. (Dkt. No. 8.)

On February 8, 2008, Sanai filed an Amended Declaration in Contravention of Garnishee's Answer. (Dkt. No. 10.) In it, she argued that the Court had no jurisdiction to make any orders to the Clerk of the Snohomish County Superior Court. On February 20, 2008, she filed a motion to dismiss the writ of garnishment. (Dkt. No. 11.) On March 25, 2008, this Court denied substantially similar motions to dismiss the writs of garnishment filed in C08-251-JCC (Dkt. No. 20), C08-0254-JCC (Dkt. No. 16) and C08-0255-JCC (Dkt. No. 15).[3] In this case, however, the Court re-noted the motion to dismiss and directed Sanai to serve the motion on IMC by first class U.S. mail. (Dkt. No. 13.) On May 30, 2008, the Court re-noted all pending dispositive motions in the five cases, for judicial efficiency, to June 13, 2008. (Dkt. No. 16.) The Court noted that no response had yet been filed by IMC to the motion to dismiss, and in light of the re-noting, set a deadline of June 9 for any response by IMC. On June 9, 2008, IMC filed its Response to the motion to dismiss. (Dkt. No. 17.) The following day, IMC filed a motion for summary

---

[3]Sanai withdrew her motion to dimiss the writ of garnishment in C08-0253-JCC, citing the Court's denial of the parallel motions to dismiss. (Dkt. No. 18.)

ORDER – 3

judgment that is substantially similar to the motions for summary judgment filed in the parallel cases.[4] (Dkt. No. 18.) IMC's motion for summary judgment on the writ of garnishment seeks an order finding that no trial is necessary, and that IMC is entitled to judgment against Maxeiner in his capacity as Special Master. IMC asks the Court to direct the Snohomish County Superior Court Clerk to disburse to IMC $67,741.42.

Sanai opposes summary judgment on grounds that IMC's motion is "completely bereft of any declarations as to any facts whatsoever." (Resp. 4 (Dkt. No. 21 at 5).) Sanai also argues that Maxeiner was "corruptly appointed" to his position of Special Master and that this Court should not "validate that corrupt conduct by issuing instruction to Maxeiner to hand over moneys he illegally and corruptly held[.]" (*Id.* at 6.) Sanai also argues that the Court "lacks jurisdiction to direct anyone to do anything in respect of the funds held by the Snohomish County Clerk." (*Id.*)

## II.    ANALYSIS

### A.    Motion to Dismiss

#### 1.    Applicable Standard

---

[4]Before the briefing was concluded on the motion for summary judgment, this case and the parallel cases were transferred from Judge Thomas S. Zilly to the undersigned. (Dkt. No. 20.) In her Response to the motion for summary judgment, Sanai makes the following threat to this Court:

> Disposition of these motions will require this Court to either endorse Judge Zilly's advancement of indisputable corruption, or to break free from it. Whichever course this Court chooses will have important consequences not only for this Court personally, given the open-ended charge of the Third Circuit investigating committee, but also of the continued existence of the Ninth Circuit in its present form. To put it bluntly, if the judges of Western District of Washington other than Judge Zilly and the judges of the Ninth Circuit other than Judge Kozinski do not reject the wholesale embrace of judicial corruption endorsed by Judge Zilly and Judge Kozinski, these institutions will not survive in their present form.

(Resp. 8 (Dkt. No. 21).) The Court admonishes Sanai that threats of this nature have no place in a pleading filed with the Court.

ORDER – 4

"A writ of garnishment[5] is a warning by the court to a third party that the plaintiff is attempting to reach funds . . . of the defendant which may be in the hands of the third party." PATRICK J. LAYMAN, 3 WASHINGTON LAWYERS PRACTICE MANUAL § 7.75 (2008). The purpose of Washington's garnishment statute "is to enforce the obligations of debtors." *Watkins v. Peterson Enters.*, 973 P.2d 1037, 1042 (Wash. 1999) (citing WASH. REV. CODE § 6.27.005). The district court applies the Washington garnishment statute because "the procedure on execution . . . [of a money judgment] must accord with the procedure of the state where the court is located[.]" FED. R. CIV. P. 69(a)(1).

Under Washington law, a writ of garnishment may be dismissed where "it appears from the answer of the garnishee that the garnishee was not indebted to the defendant when the writ of garnishment was served, and that the garnishee did not have possession or control of any personal property or effects of the defendant[.]" WASH. REV. CODE § 6.27.240; *see, e.g.*, *Watkins v. Peterson Enters.*, 973 P.2d 1037, 1048 (Wash. 1999) (recognizing that writs of garnishment were effectively dismissed where the garnishee's uncontroverted answer indicated that the garnishee held no garnishable income owing to the creditor).

## 2. Analysis

In her motion to dismiss, Sanai advances two arguments that the Court should dismiss the writs with prejudice. First, she argues that Maxeiner transferred the funds to the court's registry pursuant to Sassan Sanai, with the consent of the other judgment creditors. As a result, Sanai argues, the party in control of the funds is not a party to the writ of garnishment, and "no order can be made with respect of it." (Mot. to Dismiss 3 (Dkt. No. 11 at 4).) Second, Sanai argues that the garnishment action must be dismissed because the attorney of record who filed the application for a writ, John Shields, did not register for electronic service in violation of the April 1, 2004 Revised General Order concerning electronic filing. (*Id.*)

---

[5]"The word 'garnishment' is derived from the word 'garner,' meaning to warn." LAYMAN, *supra*, at § 7.75.

ORDER – 5

1    The Court will not dismiss the writ of garnishment on the grounds Sanai advocates. As to her first

2    argument, the Court finds both the underlying facts and the results she claims are mandated without basis.

3    The Special Master did not transfer the funds to the court's registry pursuant to Sassan Sanai's "bidding";

4    rather, the Snohomish County Superior Court ordered Maxeiner to deposit the funds in the court's

5    registry while this Court adjudicated the garnishment actions. The court explicitly did not release the

6    funds from the writs; rather, it recognized that any order from this Court with respect to disbursement of

7    the funds should be directed to Maxeiner.[6] There is no question that at the time the writs issued,

8    Maxeiner was in control of funds belonging to Sanai, and that Sanai is indebted to IMC for the amounts

9    stated in the writ. The Court will not dismiss the writ based on these underlying facts.

10    The Court also declines to dismiss the writ on the grounds that John Shields did not apply for

11    electronic service until April 25, 2008. Although it is true that registration in the CM/ECF system for the

12    purpose of electronic service of pleadings and other papers is mandatory[7], both Shields and Todd

13    Wakefield, the local attorney who associated with Shields on April 25, 2008, did register for electronic

14    service by April 25, 2008. Further, the procedures regarding registration are not inflexible:  "[a] judge of

15    this court may deviate from these procedures in specific cases, without prior notice, if deemed

16    appropriate for the just, speedy, and inexpensive determination of matters pending before the court."[8] The

17    purpose of this action is to enforce Sanai's obligation to pay IMC. The Court deems it appropriate in this

---

18

19    [6]The Snohomish County Superior Court Order directing the Special Master to deposit the funds
20    into the court's registry stated that: "$299,900.57 deposited into the Snohomish County Court Registry
     shall not be disbursed except upon receipt of a certified copy of a judgment and order, or multiple orders,
21    issued by the U.S. District Court. Said order(s) would be directed to Philip Maxeiner and the clerk would
     be authorized to make distributions upon receipt of said judgment(s) and order(s)." (Dkt. No. 7 at 6.)
22

23    [7]*See* U.S. District Court, W. D. Wash. Electronic Filing Procedures for Civil and Criminal Cases
     (amended 6/1/06), *available at* http://www.wawd.uscourts.gov/documents/ElectronicCaseFiling
24    /ECFProcedures6-2006.pdf.

25    [8]*See id*.

26    ORDER – 6

case to excuse the delay in Shield's registration insofar as it does not consider it just to dismiss the writ of garnishment for a temporary failure to comply with technical ECF procedures. This philosophy comports with the Court's previous order requiring Sanai to serve the motion to dimiss upon IMC by U.S. mail.

Finally, it does not "appear[] from the answer of the garnishee that the garnishee was not indebted to the defendant when the writ of garnishment was served, [or] that the garnishee did not have possession or control of any personal property or effects of the defendant[.]" *See* WASH. REV. CODE § 6.27.240. Accordingly, the Motion to Dismiss (Dkt. No. 11) is DENIED.

## B. Summary Judgment

### 1. Applicable Standard

Under Washington law, after a writ of garnishment has been issued and answered, a party who is not satisfied with the answer of the garnishee may controvert the answer by filing an affidavit:

> stating that the affiant has good reason to believe and does believe that the answer of the garnishee is incorrect, stating in what particulars the affiant believes the same is incorrect.

WASH. REV. CODE § 6.27.210. Thereafter, the garnishee may respond by affidavit within twenty days. *Id.* at § 6.27.220. After twenty days, "the matter may be noted by any party for hearing before a . . . presiding judge for a determination whether an issue is presented that requires a trial." *Id.* "If a trial is not required, then the controversion may be disposed of in whatever manner is appropriate." MARJORIE DICK ROMBAUER, 28 WASHINGTON PRACTICE § 8.50 (1998). In addition, "[i]ssues on controversion may be decided on a motion for summary judgment." *Id.* (citing *Watters v. Doud*, 596 P.2d 280, 282 (Wash. 1979), *abrogated on other grounds by Haley v. Highland*, 12 P.3d 119 (Wash. 2000)).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The moving party bears

ORDER – 7

the initial burden of showing that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the moving party meets this initial burden, then the party opposing the motion must set forth facts showing that there is a genuine issue for trial. *See T.W. Elec. Serv.*, 809 F.2d at 630. The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "In response to a summary judgment motion, . . . the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts, . . . which for the purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); Fed. R. Civ. P. 56(e). If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

### 2. Analysis

IMC argues that there are no material facts in dispute that would require a trial. (Mot. 5 (Dkt. No. 21).) The Court agrees with this proposition. Sanai's Amended Declaration in Contravention of Garnishee's Answer fails to show that the answer is incorrect. (Dkt. No. 10.) It does not argue that Sanai owes no debt to IMC, nor that the Special Master's description of the funds deposited into the Snohomish County Superior Court's registry is incorrect in any respect. In response to the instant motion, Sanai raises procedural issues and seeks to invalidate the writ by attacking Maxeiner's appointment as a Special Master in the first place. The Court will address each of Sanai's arguments in turn, below.

### a. Support for the Motion

First, Sanai argues that the motion "is completely bereft of any facts, or any argument supported by case law" and therefore, the motion must be denied. The Court is not persuaded by this argument. The motion is supported by the record, which shows that Sanai is indebted to IMC for the amount specified in the writ (Mot. 2 (Dkt. No. 18); C02-2165-TSZ, Dkt. No. 741), and that at the time the writ was served

ORDER – 8

upon the Garnishee, the Garnishee was in control of funds belonging to Sanai that were sufficient to cover such debt (Garnishee's Answer (Dkt. No. 4).) The motion is replete with citations to the record and relevant authority. The Court will not deny the motion on grounds that the motion somehow fails for lack of facts or supported argument.

### b. Allegations of Corruption

Sanai next argues that Maxeiner was "illegally and corruptly appointed to the position of 'special master' . . . by the Snohomish County Superior Court." (Resp. 5 (Dkt. No. 21 at 6).) Specifically, Sanai argues that Maxeiner "is under the control of [Sanai's ex-husband] Sassan Sanai, and does his bidding." (*Id*.) As a result, Sanai argues, Maxeiner never had authority to hold the funds in the first place, and this Court should not "validate that corrupt conduct." (*Id*. at 6.)

The Court is not persuaded by this argument. There is no evidence in the record to support Sanai's allegations of corruption. In any event, Maxeiner was not acting pursuant to Sassan Sanai's orders when he deposited the funds into the court's registry and answered the writs; he was following the Snohomish County Superior Court's order. The Court finds no basis for invalidating the writ of garnishment in this case based on Maxeiner's role as Special Master.

### c. This Court's Jurisdiction

Finally, Sanai argues that this Court "lacks jurisdiction to direct anyone to do anything in respect of the funds held by the Snohomish County Clerk" because Maxeiner transferred the funds to the Clerk, and the Clerk is not a party to the writs of garnishment. (*Id*. at 6.) The Court finds Sanai's argument without merit.

"Garnishment reaches personal property or effects of the defendant in possession or control of the garnishee at the time when the writ is served." ROMBAUER, *supra*, § 8.10. At the time the writ in this case was served on Maxeiner, he was in possession of Sanai's divorce proceeds. After the writs issued, the Snohomish County Superior Court directed him to deposit the funds into the court's registry to await orders from this Court authorizing the Clerk to disburse the funds. That court expressly recognized that it

ORDER – 9

was still proper for any order issuing from this Court with respect to the disbursement of the funds to be directed at Maxeiner. The Court finds nothing in Sanai's briefing that would defeat this Court's jurisdiction to issue such an order.

Accordingly, the Court finds that there are no disputed issues of material fact requiring a trial in the instant case. It is undisputed that Sanai is indebted to IMC in the amount $67,741.42, and that when the writ of garnishment issued, the Garnishee was in control of a sufficient amount of Sanai's funds to cover the amount sought in the writ, and that those funds are presently deposited in the Snohomish County Superior Court's registry awaiting an order from this Court with respect to disbursement to IMC. The Court GRANTS IMC's motion for summary judgment on the issue of whether IMC is entitled to such an order.

## III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Viveca Sanai's Motion to Dismiss (Dkt. No. 11) and GRANTS IMC's Motion for Summary Judgment on Writ of Garnishment (Dkt. No. 18). Accordingly, the Court Orders that:

(1) IMC is awarded judgment against the garnishee Philip Maxeiner, Special Master, in the amount of $67,741.42; and

(2) The Snohomish County Superior Court clerk in Cause No. 01-3-00054-5 shall disburse to the judgment creditor Internal Medicine and Cardiology, Inc., the sum of $67,741.42 upon receipt of a certified copy of this Order and the Judgment entered in this case.

The Clerk of the United States District Court is DIRECTED to close this case.

SO ORDERED this 29th day of August, 2008.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 10